Judge
opinion of Ihe.Court.
Reid sold to Wiseman a tract of land, and assigned to him the bond of Hendricks for the title. A balance of the purchase money remained due and unpaid, and being unable to make it out of the administrator of Wiseman, 'he filed his bill against the widow and heirs of yViseman, and the heirs of Hendricks, in order to obtain satisfaction by a sale of the land. The circuit court decreed tue -relief sought.
it is objected on the part of the plaintiff in error, that Reid had no lien on the land for the purchase money. We think otherwise. We can perceive no reason for the principle which allows the vendor a lien on the land for the purchase money., where he -conveys by deed, that does not equally apply to this •case, nor' can we discern the sufficiency .of the objections urged against .its allowance. J ° °
We do not deem it necessary to notice the -other «assignments of error in detail; but will only observe, that the proof is abundant to show the mistake in not excepting -in the assignment of the bond, the «twenty’ three acres sold to Robert Reid; that, the widow of Wiseman has an important interest -in the land sought to he subjected to sale, and that therefore she was a necessary party; that the personal i;epresentatives of Hendricks were not necessary parities; that from the record as now amended, all the proper parties appear to have been regularly before sthe court; that the decree, though, not as precise in *250 jts diseription of the land to be sold, nor as formal 'n ot*ier respects, as it might have been, yet it is substantially good and no way prejudicial to the rights of the plaintiffs in error.
Turner, for plaintiffs; Breck and Caperton, for defendants.
Decree affirmed with costs.